[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Rhonda Marie Cunningham, administratrix of the estate of Ryan J. Cunningham, filed this two count complaint against Sean R. Langlois and William F. Richards d/b/a Red House Kennels to recover damages for the injuries and death of Ryan J. Cunningham. Cunningham died as the result of a motor vehicle accident in which he was a passenger in a vehicle driven by Langlois and owned by Richards. The first count of the complaint alleges negligence and the second count alleges recklessness. Both counts are directed to both defendants and allege that Langlois operated the vehicle as the agent, servant or employee of Richards and that Langlois was using the vehicle with the permission and consent of Richards. In her claim for relief, the plaintiff seeks double or treble damages pursuant to General Statutes Section 14-295 for the statutory violations alleged in the second count.
The defendant Richards has filed a motion to strike the claim for relief seeking double or treble damages pursuant to Section 14-295 as it pertains to him, accompanied by a memorandum of law in support of the motion. The plaintiff has filed a memorandum of law in opposition to the motion.
DISCUSSION
A motion to strike challenges the legal sufficiency of a pleading to state a claim upon which relief can be granted. Practice Book Section 152; see Mingachos v. CBS, Inc.,196 Conn. 91, 108 (1985). A motion to strike is the proper vehicle to contest the sufficiency of any prayer for relief. Practice Book Section 152(2).
General Statutes Section 14-295 provides,
 In any civil action to recover damages resulting from personal injury, wrongful death or damage to property, the trier of fact may award double or treble damages if the injured party has specifically pleaded that another party has deliberately or with reckless disregard operated a motor vehicle in violation of section 14-218a, 14-219, 14-222, 14-227a, 14-230, 14-234, 14-237, 14-239 or 14-240a, and that such violation was a CT Page 8656 substantial factor in causing such injury, death or damage to property.
In Gionfriddo v. Avis Rent a Car System, Inc., 192 Conn. 280
(1984), the court determined that owner-lessors are liable, pursuant to General Statutes Section 14-154a, for double or treble damages awarded pursuant to Section 14-295. General Statutes Section 14-154a imposed upon one who rents or leases a motor vehicle to another the same liability as that of its operator. See Gionfriddo, supra, 284; General Statutes Section 14-154a. There is no comparable statute pertaining to liability of employer-owners. There are currently no appellate court decisions on the issues of employer liability for double or treble damages pursuant to Section 14-295. Two superior court decision have held, based upon dicta in Gionfriddo, that an employer can be held liable for double or treble damages under Section 14-295. See Knowling v. Severns, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket Number 311246 (January 9, 1987); Rodrigues v. Woodland, 3 CSCR 21, 22
(November 4, 1987, Hale, J.) The court in Byrnes v. General Oil, Co., 3 CTLR 211 (January 23, 1991, Dunn, J.), however, held that an employer cannot be held liable for double or treble damages. In Sperger v. Roseman, 3 CTLR 7 (December 5, 1990, Aronson, J.), the court, distinguishing the Gionfriddo case, held that a person liable under the theory of the family car doctrine is not chargeable with double or treble damages.
The liability of the owner-lessor in Gionfriddo was specifically premised on General Statutes Section 14-154a
whereas in this case, as in the Sperger case, there is no comparable statute imposing the same liability as the operator on an employer-owner or family member owner.
The court in Gionfriddo, stated,
 Once it is recognized that the statutory mandate of Section 14-154a imposes liability to a significantly greater extent than vicarious liability at common law, the other arguments offered by the defendants Avis and Chrysler concerning Section 14-154a fall by the wayside. It is not relevant, in the light of an operative statute, that the common law was reluctant to impose liability upon employers for punitive damages assessed against employees; Maisenbacker v. Society Concordia, 71 Conn. 369, 379, 42 A. 67
(1899); or that the Restatement (Second) Torts Section 908 (1979) urges retention of common law CT Page 8657 constraints. Nor is it helpful that courts in other jurisdictions, whose statutes do not contain alter ego language, have concluded that vicarious liability does not extend to punitive damages. Our statute is different, and it governs.
Gionfriddo, supra, 288-89. (Footnote omitted). In the absence of a statute comparable to Section 14-154a which specifically imposes the same liability upon the employer-owner as upon the operator, "there is no vicarious liability at common law for punitive or exemplary damages." Sperger, supra, 8, citing Gionfriddo, supra, 285; see Maisenbacker v. Society Concordia, 71 Conn. 369, 379-80
(1899). Accordingly, the defendant Richards' motion to strike the claim for relief seeking double or treble damages pursuant to General Statutes Section 14-295 as to him is granted.
Hon. Robert McWeeny Superior Court Judge